**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | |
|---|---|
| **TYRONE TURNER,** )  | |
|     **Plaintiff,** ) | |
| ) | |
| **v.** ) | **No. 3:06-CV-1166-M** |
| ) | |
| **DALLAS COUNTY and DALLAS** ) | |
| **COUNTY JAIL,** ) | |
|     **Defendants.** ) | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

This cause of action was referred to the United States Magistrate Judge pursuant to the provisions of Title 28, United States Code, Section 636(b), for pretrial management. The Findings, Conclusions, and Recommendation of the United States Magistrate Judge follow:

**I.   FINDINGS AND CONCLUSIONS**

    **A.   Factual Background**

On June 30, 2006, Plaintiff filed his complaint alleging that Defendants violated his civil rights. On July 12, 2006, Plaintiff was granted leave to proceed *in forma pauperis* and notified that he is required to notify the Court of any change of address by filing a written Notice of Change of Address with the Clerk. Plaintiff was further advised that failure to file such notice may result in this case's dismissal for failure to prosecute. (Ord., July 12, 2006.) On October 3, 2006, Plaintiff filed a written notice of change of address as required. On March 27, 2007, an Order mailed from the Court to Plaintiff's October 3, 2006 address was returned marked "undeliverable-no forwarding address." The mailing was re-sent to an address in Commerce, Texas that had appeared as a forwarding address on a copy of correspondence that Plaintiff filed in this case on December 4, 2006. The Order was returned marked "Return to Sender-Not Deliverable as Addressed-Unable to Forward." Plaintiff failed to keep the Court advised of his current address as he was ordered to do.

### B. Discussion

Rule 41(b) of the Federal Rules of Civil Procedure allows a court to dismiss an action *sua sponte* for failure to prosecute or for failure to comply with the federal rules or any court order. *Larson v. Scott*, 157 F.3d 1030, 1031 (5th Cir. 1998). "This authority [under Rule 41(b)] flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Boudwin v. Graystone Ins. Co., Ltd.*, 756 F.2d 399, 401 (5th Cir. 1985) (citing *Link v. Wabash, R.R. Co.*, 370 U.S. 626 (1962)). Plaintiff failed to comply with the Court's Order of July 12, 2006, to advise the Clerk in writing of his current address. The Court has re-sent the March 21, 2007 Order to all known addresses for Plaintiff, only to have it returned as undeliverable. The Court has no way to contact Plaintiff, and Plaintiff has not received nor responded to this Court's order regarding a response to Defendants' Motion for Summary Judgment. His complaint should be dismissed for want of prosecution.

## II. RECOMMENDATION

For the foregoing reasons, the Court recommends that the District Court dismiss Plaintiff's complaint without prejudice for want of prosecution pursuant to Fed. R. Civ. P. 41(b).

Signed, April 10, 2007.

_____
**PAUL D. STICKNEY**
**UNITED STATES MAGISTRATE JUDGE**

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

The United States District Clerk shall serve a true copy of these findings, conclusions and recommendation on Plaintiff. Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these findings, conclusions and recommendation must serve and file written objections within ten days after being served with a copy. A party filing objections must specifically identify those findings, conclusions or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory or general objections. A party's failure to file such written objections to these proposed findings, conclusions and recommendation shall bar that party from a *de novo* determination by the District Court. *See Thomas v. Arn*, 474 U.S. 140, 150, 106 S. Ct. 466, 472 (1985). Additionally, any failure to file written objections to the proposed findings, conclusions and recommendation within ten days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).